United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 25, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-51635
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JACINTO CARLOS-DE LA TORRE, also known as Jacinto Carlos,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:04-CR-555-ALL
--------------------

Before REAVLEY, WIENER and DENNIS, Circuit Judges.

PER CURIAM:[*]

Jacinto Carlos-De La Torre (Carlos) appeals the 46-month sentence imposed following his conviction for illegal reentry after deportation.

Carlos first argues that his sentence was unreasonable because the district court imposed a term of imprisonment greater than necessary to meet 18 U.S.C. § 3553(a)'s objectives. We review the sentence imposed for reasonableness. United States v. Booker, 543 U.S. 220, 261-62 (2005). As Carlos was sentenced at the low end of the applicable guidelines range, and he identifies

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

no error in the guidelines calculations, we give great deference to the sentence imposed. See United States v. Mares, 402 F.3d 511, 519-20 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005). Contrary to Carlos's arguments, we find that the district court did not improperly balance the sentencing factors and the sentence imposed was not greater than necessary to satisfy the purposes of § 3553(a)(2). Therefore, we conclude that the 46-month sentence imposed was reasonable.

Carlos's constitutional challenge to the provisions of 8 U.S.C. § 1326 is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although he contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court now would overrule Almendarez-Torres, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Carlos properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.